UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
1199 SEIU UNITED HEALTHCARE WORKERS
EAST,

                   Plaintiff,

EASTCHESTER REHABILITATION AND
HEALTH CARE CENTER,

                   Defendant.
------------------------------------------------------------ x

COMPLAINT




07 CIV 8654

    Plaintiff, 1199 SEIU UNITED HEALTHCARE WORKERS EAST ("Plaintiff" or "Union"), by its attorneys, Meyer, Suozzi, English & Klein, P.C., as and for its Complaint respectfully alleges as follows:

### NATURE OF PROCEEDING

    1.    Plaintiff sues to confirm a labor arbitration award pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185(c).

### JURISDICTION

    2.    This Court has jurisdiction over this proceeding pursuant to Section 301(c) of the LMRA, 29 U.S.C. Section 185(c).

### VENUE

    3.    Venue is proper in this District pursuant to Section 301(a) of the LMRA, 29 U.S.C. Section 185(a).

## THE PARTIES

4. Plaintiff Union, whose offices are located at 310 West 43rd Street, New York, New York, is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. Section 152(5).

5. Defendant Eastchester Rehabilitation and Care Center ("Eastchester") is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. Section 152(2). Eastchester's activities affect commerce within the meaning of Sections 2(6) and 2(7) of the LMRA, 29 U.S.C. Section 152(6) and (7).

## BACKGROUND

6. Eastchester is bound by a collective bargaining agreement with the Union (the "CBA"). A copy of the CBA is attached as Exhibit 1.

7. Section 23 of the CBA requires that Eastchester make payments to the 1199/SEIU Greater New York Benefit Fund ("Benefit Fund") for all covered employees.

8. Section 24 of the CBA requires that Eastchester make payments to the 1199/SEIU Greater New York

Pension Fund ("Pension Fund") for all covered employees.

9. Section 25 of the CBA requires that Eastchester make payments to the 1199/SEIU Greater New York Education Fund ("Education Fund") for all covered employees.

10. Section 26 of the CBA requires that Eastchester make payments to the 1199/SEIU Greater New York Job Security Fund ("Job Security Fund") for all covered employees.

11. Section 28 of the CBA requires that Eastchester make payments to the 1199/SEIU Greater New York Child Care Fund ("Child Care Fund") for all covered employees.

12. In accordance with the CBA, any unresolved dispute concerning an employer's failure to make required contributions to the Benefit, Pension, Education, Child Care, and Job Security Funds (together, the "Funds") is submitted to a designated Impartial Chairman to render a final and binding decision.

13. Section 9 of the CBA contains a broad arbitration provision under which the Union submitted to arbitration a dispute concerning Eastchester's failure to remit payment of contributions on behalf of its employees to the

Funds.

## AS AND FOR ITS FIRST CAUSE OF ACTION

14. The Union repeats and realleges the allegations set forth in paragraphs "1" through "13" as stated above.

15. In accordance with the CBA, the Union submitted to arbitration before the duly designated Impartial Chairman, Martin F. Scheinman, Esq., a dispute concerning Eastchester's failure to remit contributions to the Funds due and owing for the period February 1, 2007 through May 31, 2007.

16. In accordance with notice duly given, Chairman Scheinman held a hearing on June 19, 2007 concerning Eastchester's failure to remit contributions to the Funds.

17. After due consideration of all the evidence presented, in an award dated July 6, 2007 (the "the July 6 Award") Chairman Scheinman ruled that Eastchester violated the CBA by failing to make the required contributions to the Funds. A copy of the July 6 Award is attached as Exhibit 2. The Impartial Chairman directed Eastchester to pay the Funds as follows:

<u>**Benefit Fund**</u>

$282,534.74

<u>**Pension Fund**</u>

$113,259.83

<u>**Education Fund**</u>

$9,696.90

<u>**Child Care Fund**</u>

$4,848.45

<u>**Job Security Fund**</u>

$4,964.35

"Failure to pay in a timely fashion shall result in interest accruing at the interest rate of twelve percent (12%) per annum." July 6 Award at p. 4.

18. The Impartial Chairman sent written notice of his award to the Union and Eastchester.

19. Eastchester has failed and refused, and continues to fail and refuse, to comply with the July 6 Award.

WHEREFORE, the Union respectfully prays for an Order and Judgment:

1. Confirming the July 6 Award of Martin F. Scheinman, Esq.

-5-

2. Directing Eastchester to pay the Benefit Fund the amount of $425,145.43.

3. Directing Eastchester to pay interest at the rate of 12% per annum on the unpaid Benefit Fund contributions from July 6, 2007 until the date the Fund receives payment, as prescribed by the July 6 Award; and

4. Granting such other and further legal and equitable relief as the Court may deems just and proper, together with the reasonable attorney's fees and costs and disbursements for this proceeding.

Dated:    New York, New York
          October 5, 2007

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

_____
Lowell Peterson (LP 5405)
Attorneys for Plaintiff
1350 Broadway, Suite 501
P.O. Box 822
New York, New York  10018-0026
212-239-4999
lpeterson@msek.com

89536