AWARD OF IMPARTIAL CHAIRMAN
- - - - - - - - - - - - - - - - - - - - X
In the Matter of the Arbitration           X

    between                            X

EASTCHESTER REHABILITATION AND
HEALTH CARE CENTER                         X

                            "Home"      X    Re: Delinquencies
                                                                                                                                          February 1, 2007 -
                                                                                                                                        May 31, 2007

                                                                             X

    -and-                                 X

1199SEIU
UNITED HEALTHCARE WORKERS EAST             X

                               "Union"     X

- - - - - - - - - - - - - - - - - - - - X

**APPEARANCES**

    **For the Home**

        GREATER NEW YORK HEALTH CARE FACILITIES, INC.
            Robin C. Rosen, Esq., Of Counsel
            Nat Sherman, C.F.O.

    **For the Union**

        MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
            Linda E. Rodd, Esq., of Counsel

**BEFORE:**  Martin F. Scheinman, Esq., Impartial Chairman

**OPINION**

The undersigned is designated as Impartial Chairman in a Collective Bargaining Agreement between Eastchester Rehabilitation and Health Care Center ("Home") and 1199SEIU United Healthcare Workers East ("Union").

The Union filed a Demand for Arbitration on behalf of the 1199/SEIU Greater New York Benefit Fund, 1199/SEIU Greater New York Pension Fund, the 1199/SEIU Greater New York Education Fund, the 1199/SEIU Greater New York Child Care Fund, 1199/SEIU Greater New York Job Security Fund and the 1199/SEIU Greater New York Worker Participation Fund ("Funds") seeking contributions for the period February 1, 2007 through May 31, 2007.

A hearing was held on June 19, 2007. At that time, both parties were afforded full opportunity to introduce evidence and argument in support of their respective positions. They did so. The hearing and record were declared closed on June 19, 2007.

I am mindful of the Home's claim regarding the circumstances it faces because of certain financial difficulty. However, while I am mindful of these concerns, they cannot excuse the obligation of the Home to pay the amounts due. I find the Funds have established the amounts claimed are due and owing.

Below I have set forth a payment schedule. The Home, as a condition of this schedule, shall sign a Confession of Judgement to the payment schedule Ms. Rodd will be drafting in accordance with

this Opinion and Award.

Subject to any payments made, the amounts due to the Funds through May 31, 2007, are as follows[1]:

| | |
|---|---|
| **1199/SEIU Greater New York Benefit Fund** | $ 282,534.74 |
| **1199/SEIU Greater New York Pension Fund** | $ 113,259.83 |
| **1199/SEIU Greater New York Education Fund** | $ 9,696.90 |
| **1199/SEIU Greater New York Child Care Fund** | $ 9,841.16 |
| **1199/SEIU Greater New York Job Security Fund** | $ 4,848.45 |
| **1199/SEIU Greater New York Worker Participation Fund** | $ 4,964.35 |

The total balance due to the Funds, for the period February 1, 2007 through May 31, 2007, is four hundred twenty five thousand one hundred forty five dollars forty three cents ($425,145.43). The Home may pay the amount as specified below provided all payments are made by the date due and the Home remains current in its ongoing monthly payments. Should any one (1) payment be late the entire balance shall be immediately due. Should the Home make the payments by the dates due, and also make its current contributions in a timely manner, no additional interest shall be due.

---

[1] These totals include amounts from the Funds show due from a previous Award. If proof is submitted these amounts were paid to the Benefit Fund, Child Care Fund and Worker Participation Fund, as alleged by the Home, these totals shall be adjusted.

   **July 19, 2007**   $141,715.15

   **August 19, 2007**   $141,715.14

   **September 19, 2007**  $141,715.14

These amounts must be paid by the dates due. Failure to pay in a timely fashion shall result in interest accruing at the rate of twelve percent (12%), per annum. Whether payment is made in a timely fashion is determined by the date the Funds' Office <u>receives</u> actual payment.

**AWARD**

1. Subject to audit, the Home owes the various Greater New York Funds the amounts listed below as a result of delinquencies through May 31, 2007. The amounts due are as follows:

   | | |
   |---|---|
   | 1199/SEIU Greater New York Benefit Fund | $ 282,534.74 |
   | 1199/SEIU Greater New York Pension Fund | $ 113,259.83 |
   | 1199/SEIU Greater New York Education Fund | $ 9,696.90 |
   | 1199/SEIU Greater New York Child Care Fund | $ 9,841.16 |
   | 1199/SEIU Greater New York Job Security Fund | $ 4,848.45 |
   | 1199/SEIU Greater New York Worker Participation Fund | $ 4,964.35 |

2. These amounts shall be paid as follows provided all payments are made by the date due and the Home remains current in its ongoing monthly payments. Should any one (1) payment be late the entire balance shall be immediately due.

   | | |
   |---|---|
   | July 19, 2007 | $141,715.15 |
   | August 19, 2007 | $141,715.14 |
   | September 19, 2007 | $141,715.14 |

3. These amounts must be paid by the dates due. Failure to pay in a timely fashion shall result in interest accruing at the rate of twelve percent (12%), per annum. Whether payment is made in a timely fashion is determined by the date the Funds' Office <u>receives</u> actual payment.

July 6, 2007.

_____
Martin F. Scheinman, Esq.,
Impartial Chairman

5

STATE OF NEW YORK         )
                          ) ss:
COUNTY OF NASSAU          )

I, MARTIN F. SCHEINMAN, ESQ., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

July 6, 2007.

_____
Martin F. Scheinman, Esq.,
Impartial Chairman